33 F.3d 65
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
NATIONAL ASSOCIATION OF GOVERNMENT EMPLOYEES LOCAL R1-109, Petitioner,
v.
DEPARTMENT OF VETERANS AFFAIRS, Respondent.
 No. 94-3031.
 United States Court of Appeals, Federal Circuit.
 Feb. 24, 1994.
 
 Before ARCHER, Circuit Judge, COWEN, Senior Circuit Judge, and RADER, Circuit Judge.
 ORDER
 RADER, Circuit Judge.
 
 
 1
 On January 11, 1994, the court directed the National Association of Government Employees Local R1-109 (NAGEL) to show cause why its petition for review should not be dismissed on the ground that the union has no statutory right to review of an arbitrator's decision. The court also permitted the Department of Veterans Affairs to respond. Both NAGEL and the Department have now responded. NAGEL argues that we have jurisdiction. The Department moves to dismiss NAGEL's petition for review for lack of jurisdiction.
 
 
 2
 NAGEL petitions for review of an arbitrator's decision denying its motion for attorney fees in connection with a grievant's efforts to collect backpay following a previous arbitrator's award. The Department argues that this court lacks jurisdiction over NAGEL's petition for several reasons. First, the Department argues that the term "employee" in 5 U.S.C. Sec. 7703 does not encompass a union, citing Reid v. Department of Commerce, 793 F.2d 277 (Fed.Cir.1986). Second, the Department states that the underlying matter before the arbitrator concerned an unfair labor practice not an adverse action, and thus, neither the Merit Systems Protection Board nor this court has jurisdiction. Finally, the Department states that NAGEL has filed an exception to the decision with the Federal Labor Relations Authority.
 
 
 3
 In its petition for review, NAGEL invoked this court's jurisdiction pursuant to 5 U.S.C. Sec. 7703 governing judicial review of decisions of the Merit Systems Protection Board and Sec. 7121 governing judicial review of arbitrator's awards. Section 7121 allows the judicial review provisions of section 7703 to apply to the award of an arbitrator "as if the matter had been decided by the Board." However, judicial review by this court is authorized only if the matters raised in arbitration fall within the provisions of 5 U.S.C. Sec. 7512 or Sec. 4302. 5 U.S.C. Sec. 7121. Section 7512 covers actions such as removals, suspensions of more than 14 days, reductions in grade, and reductions in pay. Section 4303 covers performance-related actions.
 
 
 4
 The underlying matter before the arbitrator was the propriety of the Department's reassignment of grievant for training purposes and whether the agency had discriminated against grievant on the basis of handicap. On March 30, 1992, the arbitrator sustained the grievance and ordered restitution. Subsequently, the grievant filed an unfair labor practice charge with the Federal Labor Relations Authority (FLRA) to enforce the arbitrator's award. The Department made partial payment leading the FLRA to determine no action was warranted. The grievant continued to press for holiday pay and filed a second grievance. The arbitrator sustained the grievance and NAGEL filed a post-award motion for attorney fees which was denied. NAGEL appealed the arbitrator's denial of attorney fees to this court.
 
 
 5
 The underlying award did not involve an action covered by Sec. 7512 or Sec. 4303. Nor did the ensuing disputes concerning enforcement of the backpay directive and motion for attorney fees invoke action covered by Sec. 7512 or Sec. 4303. Consequently, the judicial review procedures set forth in Sec. 7121 and Sec. 7703 are not applicable and we lack jurisdiction to review this award.*
 
 
 6
 Accordingly,
 
 IT IS ORDERED THAT:
 
 7
 (1) NAGEL's petition for review is dismissed.
 
 
 8
 (2) Each side shall bear its own costs.
 
 
 
 *
 The Department points out that the proper avenue of review for "an exception to an arbitration award" is to the FLRA. 5 U.S.C. Sec. 7122. As stated, NAGEL filed a request for review of the same matter at the FLRA shortly after filing its petition with this court